1

2                    UNITED STATES DISTRICT COURT

3                          DISTRICT OF NEVADA

4                                  * * *

5

6    VAOGA COLEMAN JEFFERSON,              Case No. 2:24-cv-01948-RFB-BNW

7                          Plaintiff,                **ORDER**

8            v.

9    HDSP CORRECTIONAL, *et al.*,

10                         Defendants.

11

12          Plaintiff Vaoga Coleman Jefferson brings this civil-rights action under 42 U.S.C. § 1983

13   to redress constitutional violations that he claims he suffered while incarcerated at High Desert

14   State Prison and Ely State Prison. ECF No. 1-1. On October 31, 2024, this Court ordered Jefferson

15   to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on

16   or before December 30, 2024. ECF No. 3. The Court warned Jefferson that the action could be

17   dismissed if he failed to file a fully complete application to proceed *in forma pauperis* or pay the

18   full $405 filing fee for a civil action by that deadline. Id. at 2. In response, Jefferson filed three

19   incomplete applications to proceed *in forma pauperis*. ECF Nos. 4, 5, 6.

20          In light of Jefferson's attempt to comply with the Court's order, the Court extended the

21   deadline for Jefferson to file a complete application to proceed *in forma pauperis* to February 10,

22   2025. ECF No. 7. That extended deadline expired, and Jefferson did not file a fully complete

23   application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond.

24   **I.    DISCUSSION**

25          District courts have the inherent power to control their dockets and "[i]n the exercise of

26   that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

27   Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may

dismiss an action based on a party's failure to obey a court order or comply with local rules. <u>See</u> <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. <u>See</u> <u>In re Phenylpropanolamine Prod. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Jefferson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. <u>See</u> <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. <u>See</u> <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); <u>accord</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" <u>i.e.</u>, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by <u>Yourish</u>). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." <u>Henderson v. Duncan</u>,

779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Jefferson either files a fully complete application to proceed *in forma pauperis* or pays the $405 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Jefferson needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Jefferson's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with this Court's October 31, 2024, and January 10, 2025, orders. The Clerk of Court is kindly requested to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that Jefferson may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this Order. In this motion, Jefferson is required to explain what circumstances delayed him from paying the filing fee or filing the application to proceed *in forma pauperis* and a complaint in compliance with LSR 2-1. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

**DATED:** February 27, 2025.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE